UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHARMEEN DENISE WASHINGTON,

                      Plaintiff,

             -against-

PROFESSIONAL CLAIMS BUREAU,

                      Defendant.

---

23-CV-9592 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff Charmeen Denise Washington, a New York resident, brings this action *pro se*. By order dated December 26, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth in this order, the Court dismisses the action for lack of subject matter jurisdiction and orders Plaintiff to show cause why she should not be barred from filing any further actions in this court IFP without first obtaining permission from the court to file a new action.

## STANDARD OF REVIEW

      The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

      While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471,

474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings this action against Professional Claims Bureau, a corporation located in Nassau County, New York, and invokes the court's federal question jurisdiction. She asserts that in 2009, Defendant violated her right to "private policy" "pursuit of happiness" "fire safety" "human rights" and "pain tolerance." (ECF 1, at 2.) She also asserts that Defendant violated the "First Amendment" and "children private policy." (*Id.* at 2, 5.) In the injury section of the complaint, she states "rape by Gina DeSilva in year January 2013. Rape by Mercedes Downes year 2011." (*Id.* at 6.) For relief, she seeks "justice" and "job title survey technician for Goodwill and Metro North Railroad." (*Id.*)

**DISCUSSION**

**A.      Subject Matter Jurisdiction**

The subject matter jurisdiction of the federal district courts is limited and is set forth

generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available

only when a "federal question" is presented or when plaintiff and defendant are citizens of

different states and the amount in controversy exceeds the sum or value of $75,000. "'[A]ny party

or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the

court has subject matter jurisdiction.'" *United Food & Com. Workers Union, Loc. 919, AFL-CIO*

*v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway*

*Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983));

*Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must

be policed by the courts on their own initiative."). "If the court determines at any time that it lacks

subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

**1.      Federal Question Jurisdiction**

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the

Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal

law if the complaint "establishes either that federal law creates the cause of action or that the

plaintiff's right to relief necessarily depends on resolution of a substantial question of federal

law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting

*Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Merely invoking federal

jurisdiction, without pleading any facts demonstrating a federal law claim, does not create federal

subject matter jurisdiction. *See Nowak v. Ironworkers Loc. 6 Pension Fund*, 81 F.3d 1182, 1188-

89 (2d Cir. 1996).

Plaintiff does not state any facts suggesting that her claims arise under federal law. Her assertion that Defendant violated the First Amendment to the United States Constitution does not provide a basis for this Court to exercise federal question jurisdiction of her claims because the First Amendment does not apply to conduct by a private corporation. *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). Thus, even assuming that Defendant acted in a manner that Plaintiff believes violated her rights, her rights under the First Amendment cannot be violated by this Defendant because the United States Constitution does not regulate Defendant's behavior. Plaintiff's mere invocation of the First Amendment does not provide a basis for this Court to exercise federal question jurisdiction of Plaintiff's claims against Defendant.

### 2. Diversity Jurisdiction

Plaintiff does not allege facts demonstrating that the Court has diversity jurisdiction of this action either. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998) ("A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, *i.e.,* only if there is no plaintiff and no defendant who are citizens of the same State."). "An individual's citizenship, within the meaning of the diversity statue, is determined by his domicile." *Johnson v. Smithsonian*, 4 F. App'x 69, 70 (2d Cir. 2001) (citing *Palazzo v. Corio*, 232 F.3d 88, 42 (2d Cir. 2000)). Domicile is "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Linardos v. Fortuna,* 157 F.3d 945, 948 (2d Cir. 1998).

In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C.

§ 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted). Courts generally "recognize[ ] a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." *Wolde-Meskel v. Vocational Instruction Project Cmty. Servs., Inc.*, 166 F.3d 59, 63 (2d Cir. 1999). Where a complaint does not contain facts suggesting that the amount in controversy exceeds $75,000.00, the Court is not required to presume that the bare allegations in the complaint are a good faith representation of the actual amount in controversy. *See Weir v. Cenlar FSB*, No. 16-CV-8650, 2018 WL 3443173, at *12 (S.D.N.Y. July 17, 2018) (reasoning that "the jurisdictional amount, like any other factual allegation, ought not to receive the presumption of truth unless it is supported by facts rendering it plausible") (citing *Wood v. Maguire Auto. LLC*, No. 09-CV-0640, 2011 WL 4478485, at *2 (N.D.N.Y. Sept. 26, 2011), *aff'd*, 508 F. App'x 65 (2d Cir. 2013) (summary order)).

The Court cannot exercise diversity jurisdiction of any claim Plaintiff may be asserting because the parties are not of diverse citizenship and the face of the complaint does not support Plaintiff's assertion that the amount in controversy exceeds the statutory amount. First, both parties resides in New York, which defeats complete diversity of the parties. Second, Plaintiff does not allege facts suggesting that the relief she seeks exceeds $75,000.00. Indeed, Plaintiff does not allege any facts suggesting that she is entitled to any relief because she does not state a claim against Defendant. The Court therefore does not have diversity jurisdiction of this matter. *See Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005) (holding that the plaintiff bears the burden of establishing subject matter jurisdiction).

**B.      Leave to Replead Denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*,

5

657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). The facts alleged in the complaint do not suggest that Defendant violated Plaintiff's federal rights, the parties are diverse, or the amount in controversy exceeds $75,000.00. The Court therefore declines to grant Plaintiff leave to file an amended complaint because it would be futile to do so.

**C.    Litigation History and Order to Show Cause**

Plaintiff recently filed 11 other actions *pro se*. In several of them, the Court has determined that it lacks subject matter jurisdiction of her claims. *See Washington v. Paterson*, ECF 1:23-CV-8768, 6 (S.D.N.Y. Dec. 20, 2023) (dismissing complaint against radiologist for lack of subject matter jurisdiction); *Washington v. Paris Production Berlin*, ECF 1:23-CV-5922, 8 (S.D.N.Y. Nov. 22, 2023) (dismissing complaint for lack of subject matter jurisdiction); *Washington v. Lindsay*, ECF 1:23-CV-5888, 8 (S.D.N.Y. Nov. 22, 2023) (dismissing complaint against psychiatrist for lack of subject matter jurisdiction); *Washington v. JP Morgan Chase Bank Inc.*, ECF 1:23-CV-5819, 6 (S.D.N.Y. Oct. 11, 2023) (dismissing action without prejudice for Plaintiff's failure to update her address of record as directed by the court); *Washington v. New York Police Dep't*, ECF 1:23-CV-5820, 6 (S.D.N.Y. Oct. 10, 2023) (dismissing action for failure to state a claim); *Washington v. Chong*, ECF 1:23-CV-1936, 4 (S.D.N.Y. July 24, 2023) (dismissing complaint against doctor for lack of subject matter jurisdiction); *Washington v. Tocco*, ECF 1:23-CV-5561, 13 (S.D.N.Y. Oct. 10, 2023) (dismissing complaint against a doctor for lack of subject matter jurisdiction); *Washington v. Shukler*, ECF 1:23-CV-8030, 10 (S.D.N.Y. Dec. 5, 2023) (dismissing complaint against private actors, with 30 days' leave to replead); *Washington v. Ortiz*, ECF 1:23-CV-9647, 5) (S.D.N.Y. Nov. 27, 2023) (dismissing complaint for lack of subject matter jurisdiction, with 30 days' leave to replead); *Washington v. Malzberg*, ECF 1:23-CV-9835, 1 (S.D.N.Y. complaint filed Nov. 3, 2023); *Washington v. Abedin*, ECF 1:23-CV-5887, 1 (S.D.N.Y. complaint filed July 7, 2023).

The Court first warned Plaintiff, in *Washington*, ECF 1:23-CV-5561, 13, that if she abuses the privilege of proceeding IFP, she may be ordered to show cause why she should not be barred, under 28 U.S.C. § 1651, from filing new actions IFP in this Court without prior permission. Following this warning, Plaintiff filed this action and two other actions, Nos. 23-CV-9647 and 23-9835.

In light of this litigation history, the Court orders Plaintiff to show cause why she should not be barred from filing any further actions in this court IFP without first obtaining permission from the court to file a new action. *See Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) (per curiam) ("The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard.").

Within 30 days of the date of this order, Plaintiff must submit to the court a declaration setting forth good cause why an injunction should not be imposed upon her. If Plaintiff fails to submit a declaration within the time directed, or if Plaintiff's declaration does not set forth good cause why this injunction should not be entered, she will be barred from filing any further actions IFP in this court unless she first obtains permission from this court to do so.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court orders Plaintiff, within 30 days of the date of this order, to show cause why she should not be barred from filing any further actions in this court IFP without first obtaining permission from the court to file a new action. A declaration form is attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:   January 16, 2024
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____
Fill in above the full name of each plaintiff or petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____
Fill in above the full name of each defendant or
respondent.

## DECLARATION

_____

_____
Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
Motion for Summary Judgment."

I, _____ ,   declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court
order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

Rev. 6/30/16

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

Attach additional pages and documents if necessary.

_____
Executed on (date)

_____
Name

_____
Address

_____
Telephone Number (if available)

_____
Signature

_____
Prison Identification # (if incarcerated)

City                          State          Zip Code

_____
E-mail Address (if available)